## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CYNTHIA L. STONE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No.  CIV-12-418-M |
| | ) |
| CAROLYN W. COLVIN,[1] | ) |
| Acting Commissioner of the | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Cynthia Stone (Plaintiff) brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of Defendant Commissioner's final decision denying Plaintiff's application for supplemental security income benefits under the Social Security Act.  This matter has been referred to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B).  Upon review of the pleadings, the record (Tr.), and the parties' briefs, the undersigned recommends that the Commissioner's decision be affirmed.

## I. ADMINISTRATIVE PROCEEDINGS

Plaintiff initiated these proceedings by filing an application in March 2006, seeking supplemental security income benefits.  [Tr. 255-257].  Following a hearing, Plaintiff's claim was denied by an Administrative Law Judge (ALJ) on June 1, 2009.  [Tr. 151-162].  The

---

[1]Effective February 14, 2013, Carolyn W. Colvin became Acting Commissioner of Social Security.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin is substituted for Michael J. Astrue as Defendant in this action.

Appeals Council of the Social Security Administration vacated and remanded the ALJ's decision with orders, in relevant part, to:  1) consider the psychological report from Dr. Douglas Brady; 2) obtain evidence from a medical expert to clarify whether Plaintiff's mental impairments meet or equal a listed impairment;[2] and 3) obtain evidence from a vocational expert (VE), if warranted by the record, to clarify the effect of Plaintiff's limitations on her ability to work.  [Tr. 165-166].  A second hearing was held in November of 2010 where a VE was present but did not testify.  [Tr. 113-143].  In his September 2011 decision, the ALJ found that Plaintiff is capable of performing jobs existing in significant number in the national economy and is therefore not disabled.  [Tr. 38-39].  The Appeals Council of the Social Security Administration declined Plaintiff's review request, making the decision of the ALJ the final decision of the Commissioner.  [Tr. 1-3].  Plaintiff has filed this action seeking review of the Commissioner's decision.

## II. STANDARD OF REVIEW

This court is limited in its review of the Commissioner's final decision to a determination of whether the ALJ's factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied.  *See Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003).

---

[2]Part 404, Subpart P, Appendix 1 of Title 20 of the Code of Federal Regulations sets forth the "Listing of Impairments."  If a claimant's condition meets or equals the severity of a "listed impairment," that impairment is conclusively presumed disabling.  20 C.F.R. § 416.920(d).

### III.  DETERMINATION OF DISABILITY

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The Commissioner applies a five-step inquiry to determine whether a claimant is disabled.  *See* 20 C.F.R. § 416.920(b)-(f); *Williams v. Bowen*, 844 F.2d 748, 750-752 (10th Cir. 1988) (describing five steps in detail).

Under this sequential procedure, Plaintiff bears the initial burden of proving that she has one or more severe impairments.  *See* 20 C.F.R. § 416.912; *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985).  If Plaintiff makes a prima facie showing that she can no longer engage in prior work activity, the burden of proof shifts to the Commissioner to show that Plaintiff retains the capacity to perform a different type of work and that such a specific type of job exists in the national economy.  *See Turner*, 754 F.2d at 328; *Channel v. Heckler*, 747 F.2d 577, 579 (10th Cir. 1984).

The ALJ determined that Plaintiff has severe obesity, asthma, eczema, generalized anxiety disorder, depressive disorder with possible psychotic features and borderline intellectual functioning (BIF).  [Tr. 23].  The ALJ then found that Plaintiff's impairments do not meet or medically equal a listed impairment.  [Tr. 24].  It was the opinion of the ALJ that with her limitations, Plaintiff has the RFC to perform sedentary work except she is limited to "simple, routine, repetitive, work tasks with superficial personal interaction with

supervisors, co-workers, and the general public." [Tr. 30].  The ALJ also found that Plaintiff should have "limited contact with chemicals and to concentrated exposure to dust, fumes/odors/gases and excessive heat." [Tr. 30].  Finally, the ALJ found that with this RFC, Plaintiff can perform work as an "assembler" and "hand suture winder." [Tr. 39].

## IV.  PLAINTIFF'S CLAIMS OF ERROR

Plaintiff's overarching claim is that the ALJ failed to follow the Appeals Council's remand instructions.  Specifically, Plaintiff argues that the ALJ: 1) "openly failed" to assess the psychological report of Dr. Brady; 2) failed to call a medical expert to clarify whether Plaintiff's impairments meet or equal a listed impairment and instead relied on an incomplete checklist from an agency consultant who did not have all the medical records and provided no rationale for her decision; 3) failed to order a consultative mental examination of Plaintiff; and 4) failed to follow the Appeals Council's instruction to obtain supplemental evidence from a VE.  Plaintiff's Brief, pp. 10-22.[3]

In response, the Commissioner asserts that the ALJ did not rely on an incomplete checklist from the agency consultant but in fact did consider and discuss Dr. Brady's psychological report and did solicit a medical opinion regarding whether Plaintiff's impairments meet or equal a listed impairment.  Commissioner's Brief, pp. 4-9.[4]  The

---

[3]For the parties' briefs, page citations herein reflect this court's CMECF pagination.

[4]The Commissioner also argues that "the question of whether the ALJ complied with the Appeals Council's remand order is not subject to judicial review."  Commissioner's Brief, p. 4.  He offers no authority for this proclamation.  Because the Commission offers no further development of this defense, it has not been addressed by the undersigned.

Commissioner also argues that the ALJ had no duty to order a consultative mental examination of Plaintiff and was not required to solicit additional evidence from the VE because it was not warranted by the record.  *Id.*, pp. 10-13.

## V.  ANALYSIS

### A.  <u>The ALJ's Failure to Consider Dr. Brady's Psychological Report</u>

The Appeals Council noted that the initial decision by the ALJ lacked a discussion about Dr. Brady's psychological report and ordered that on remand the ALJ should consider that report and explain the weight given to it.  [Tr. 165-166].  According to Plaintiff, the ALJ "openly failed" on remand to consider Dr. Brady's psychological report and instead "chose to attack the Appeals Council's Order" as "'incorrect.'"  Plaintiff's Brief, p. 11.  As the Commissioner argues, this claim is factually inaccurate.

The ALJ did express his belief that the Appeals Council was incorrect when it found that the prior ALJ had not discussed Dr. Brady's opinion.  [Tr. 21].  Nevertheless, the ALJ then spent over three pages analyzing Dr. Brady's opinion.  [Tr. 26-29].  Thus, Plaintiff's argument that Dr. Brady's opinion was ignored is clearly without merit.  Because Plaintiff does not otherwise challenge the ALJ's findings regarding Dr. Brady's opinion, the undersigned finds no grounds for reversal on this claim.

**B.  The ALJ's Failure to Obtain Evidence from a Medical Expert to Clarify Whether Plaintiff's Limitations Meet or Equal a Listed Impairment**

Plaintiff also alleges that the ALJ failed to carry out the Appeals Council's remand order "to obtain additional medical expert evidence as a means to determine whether or not Plaintiff met or equaled a listed impairment."  Plaintiff's Brief, p. 12.  In support of this claim, Plaintiff asserts that the ALJ failed to call a medical expert to testify and that his reliance on an incomplete checklist from an agency consultant, who did not have all the medical records and provided no rationale for her decision, was insufficient to meet the requirements of the remand order.  *Id.*, pp. 11-13.  Again, the Commissioner argues that Plaintiff has inaccurately cited the record.  The undersigned agrees.

The Appeals Council's remand order stated that the ALJ should "[o]btain evidence from a medical expert to clarify whether the claimant's impairments meet or equal the severity of an impairment listed in Appendix 1, Subpart P, Regulations No. 4 . . . ."  [Tr. 166].  As the Commissioner notes, this did not, as Plaintiff contends, require calling a medical expert to testify at Plaintiff's hearing.

Plaintiff also misstates the ALJ's reliance on the agency consultant's report.  According to Plaintiff, the ALJ relied on Dr. Barbara Felkins' opinion wherein she "openly reported and complained that she was not provided all the files and there were many gaps in the evidentiary record."  Plaintiff's Brief, pp. 11-12.[5]  Plaintiff complains that Dr. Felkins

---

[5]In complaining about Dr. Felkins' lack of access to the complete record, Plaintiff states that the "the record in itself . . . can only be described as incomplete tatters."  Plaintiff's Brief, p. 13.  In explanation, Plaintiff cites to reports by Dr. Pearce and Dr. Kampschaefer, both of whom returned

returned an incomplete checklist which was devoid of any rationale for her decision that Plaintiff's impairments did not meet or equal a listed impairment. *Id.* However, Plaintiff's citations are to Dr. Felkins' report from August 2010. *See id.*, pp. 11-13 (citing Tr. 718-722). Dr. Felkins issued a second report in June 2011. [Tr. 1035-1037, 1039-1043]. In this second report, Dr. Felkins did not indicate that any records were missing [Tr. 1035-1037, 1039-1043], and she gave a detail explanation as to how she reached her opinion. [Tr. 1043]. The ALJ clearly relied on Dr. Felkins' later submission. [Tr. 29-30].

Again, Plaintiff's argument is based on an inaccurate reading of the record and ALJ opinion. And, because Plaintiff does not otherwise challenge the ALJ's reliance on Dr. Felkins' June 2011 medical opinion that Plaintiff's impairments do not meet or equal a listed impairment, the undersigned finds no grounds for reversal based on this claim.

### C. The ALJ's Failure to Order a Consultative Mental Examination

As noted above, the Appeals Council ordered that the ALJ upon remand obtain medical evidence on the issue of whether Plaintiff's impairments meet or equal a listed impairment. Plaintiff argues that pursuant to this order the ALJ "should have ordered and obtained a consultative mental examination . . . ." Plaintiff's Brief, p. 16. Plaintiff also generally argues that a consultative mental examination was warranted in her case. *Id.*, pp. 16-20.

---

incomplete checklist forms based on the lack of mental health records. *Id.*, p. 14 (citing Tr. 691-703, 515-525). However, as the Commissioner notes, those reports were completed in August 2006 [Tr. 515] and February 2007 [Tr. 691], well before Plaintiff submitted additional evidence and attended a consultative examination. The ALJ did not rely on these opinions. [Tr. 23-38]. More importantly, Plaintiff does not cite to any specific missing records.

The Commissioner points out that Plaintiff underwent one consultative mental examination in January 2009 and argues that a second examination was not required by either the Appeals Council's order or the circumstances of Plaintiff's case. Commissioner's Brief, pp. 10-11 (citing Tr. 707-711). For the following reasons, the undersigned agrees.

First, a plain reading of the Appeals Council's remand order demonstrates that the ALJ was not required to solicit a new consultative medical examination for Plaintiff.

Second, a consultative examination need only be ordered "when evidence in the record establishes the reasonable possibility of the existence of a disability and the result of the consultative exam could reasonably be expected to be of material assistance in resolving the issue of disability." *Hawkins v. Chater*, 113 F.3d 1162, 1169 (10th Cir. 1997). In this case, Plaintiff underwent one consultative mental examination in January 2009. [Tr. 707-711]. She does not complain of any missing medical records, and at least three mental health professionals have given opinions regarding her mental impairments. [Tr. 707-711, 1035-1043, 1073-1075]. Plaintiff simply has not established that another consultative mental examination would have materially assisted in the issue of disability. Notably, Plaintiff does not challenge the ALJ's RFC finding that she is capable of work so long as she is limited to "simple, routine, repetitive, work tasks with superficial personal interaction with supervisors, co-workers, and the general public." [Tr. 30]. Instead, Plaintiff argues that a second mental health examination "could reasonably" have been expected to help the ALJ make a Step Five determination. Plaintiff's Brief, p. 20. Once the ALJ reached Step Five, however, questions regarding what Plaintiff could still do despite her mental limitations had already been

resolved.  Accordingly, the undersigned finds no grounds for reversal based on the ALJ's failure to order an additional consultative mental examination.

### D.   The ALJ's Failure to Elicit the VE's Testimony at the Second Hearing

In her final argument, Plaintiff alleges that the ALJ failed to comply with the Appeals Council's directive to question a VE to clarify the effects of Plaintiff's limitations on her occupational base.  Plaintiff's Brief, pp. 21-22.  As Plaintiff notes, a VE was present at the second hearing but the ALJ did not question the expert.  [Tr. 113-143].  Instead, he relied on the previous VE's testimony.  [Tr. 38-39].  The Commissioner contends that the Appeals Council only required new VE testimony "if warranted by the expanded record," and that the record did not warrant such additional testimony.  Commissioner's Brief, pp. 11-12 (citing Tr. 166).  The undersigned agrees with the Commissioner.

After lengthy consideration of Dr. Brady's psychological report and Dr. Felkins' June 2011 opinion, as well as all the other medical evidence, the ALJ ultimately reached the same decision as the previous ALJ regarding Plaintiff's RFC.  That is, both ALJs found Plaintiff capable of performing sedentary work "limited to simple, routine, repetitive, work tasks with superficial personal interaction with supervisors, co-workers, and the general public."  [Tr. 30, 155].  Both also found that Plaintiff must have "limited contact with chemicals and to concentrated exposure to dust, fumes/odors/gases and excessive heat."  [Tr. 30, 155]. Because the ALJ found that the expanded record did not alter Plaintiff's previously determined RFC, no additional testimony from a VE was necessary.  Accordingly, the ALJ did not error in failing to follow the Appeals Council's remand order and the undersigned

finds no grounds for reversal on this issue.

## RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

For the foregoing reasons, it is recommended that the Commissioner's final decision denying benefits be affirmed.  The parties are advised of their right to object to this Report and Recommendation by April 15, 2013, in accordance with 28 U.S.C. § 636 and Fed.R.Civ.P. 72(b)(2).  The parties are further advised that failure to make timely objection to this Report and Recommendation waives their right to appellate review of both factual and legal issues contained herein.  *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).  This Report and Recommendation disposes of all issues referred to the Magistrate Judge in this matter.

ENTERED this 26th day of March, 2013.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE